IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DELAWARE DISPLAY GROUP LLC and INNOVATIVE DISPLAY TECHNOLOGIES LLC,<br><br>Plaintiffs,<br><br>v.<br><br>LENOVO HOLDING CO. INC., and LENOVO (UNITED STATES) INC.,<br><br>Defendants. | § § § § § § § § § § § § | CIVIL ACTION NO. 13-2108-RGA<br><br>JURY TRIAL DEMANDED<br><br>Redacted - Public Version |
| DELAWARE DISPLAY GROUP LLC and INNOVATIVE DISPLAY TECHNOLOGIES LLC,<br><br>Plaintiffs,<br><br>v.<br><br>LG ELECTRONICS INC., LG ELECTRONICS U.S.A., INC. LG DISPLAY CO., LTD., and LG DISPLAY AMERICA, INC.<br><br>Defendants. | § § § § § § § § § § § § § § § | CIVIL ACTION NO. 13-2109-RGA<br><br>JURY TRIAL DEMANDED<br><br>Redacted - Public Version |
| DELAWARE DISPLAY GROUP LLC and INNOVATIVE DISPLAY TECHNOLOGIES LLC,<br><br>Plaintiffs,<br><br>v.<br><br>VIZIO INC.,<br><br>Defendant. | § § § § § § § § § § § § | CIVIL ACTION NO. 13-2112-RGA<br><br>JURY TRIAL DEMANDED<br><br>Redacted - Public Version |

RESTRICTED – ATTORNEYS' EYES ONLY

## DECLARATION OF TARA S.G. SHARP IN SUPPORT OF NON-PARTIES RAMBUS INC. AND RAMBUS DELAWARE LLC'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO COMPEL COMPLIANCE WITH SUBPOENAS

I, Tara S.G. Sharp, hereby declare as follows:

1. I am an attorney with the law firm of Robins Kaplan LLP, counsel for non-parties Rambus Inc. and Rambus Delaware LLC.

2. I, along with other members of my law firm and employees (including in-house legal counsel) of Rambus Inc. and Rambus Delaware LLC, have been personally involved with efforts to collect, review, and produce documents in response to subpoenas served on Rambus Inc. and Rambus Delaware LLC pursuant to Federal Rule of Civil Procedure 45 in the above-captioned litigations. I offer this Declaration in support of Non-Parties Rambus Inc. and Rambus Delaware LLC's Memorandum of Law in Opposition to Defendants' Motion to Compel Compliance with Subpoenas. If called as a witness, I could and would testify competently thereto.

3. I was personally involved in collecting documents from Rambus Inc. to respond to the Rule 45 subpoena served by Defendants. **REDACTED**

4. I was personally involved in collecting documents from Rambus Delaware LLC to respond to the Rule 45 subpoena served by Defendants. **REDACTED**

5. The documents listed on Rambus' privilege log as entries RAMHDINT00227126-227288, RAMHDINT00227650–262936, RMBSDEL0118374-77, RMBSDEL0118378-85, and

1

30734990.1

RESTRICTED – ATTORNEYS' EYES ONLY

RMBSDEL0118386-89 (which are the subject of Defendants' motion to compel) REDACTED. The physical devices listed on Rambus' privilege log as entries PHYSDEVAC001-093 (also the subject of Defendants' motion to compel) REDACTED.

6. REDACTED

7. On August 21, 2015, I served Volumes 1 and 2 of the production of documents from non-parties Rambus Inc. and Rambus Delaware LLC on counsel for Defendant LG Electronics, Inc. REDACTED Volume 2 of the production consisted of deposition transcripts and exhibits and privilege logs responsive to the Rule 45 subpoenas served by Defendants.

8. On October 2, 2015, I served Volume 3 of the production of documents from non-parties Rambus Inc. and Rambus Delaware LLC on counsel for Defendant LG Electronics, Inc. REDACTED

9. On October 29, 2015, I served Volume 4 of the production of documents from non-parties Rambus Inc. and Rambus Delaware LLC on counsel for Defendant LG Electronics, Inc. REDACTED

10. On November 16, 2015, I served Volume 5 of the production of documents from non-parties Rambus Inc. and Rambus Delaware LLC on counsel for Defendant LG Electronics, Inc. REDACTED

11. REDACTED

RESTRICTED – ATTORNEYS' EYES ONLY

REDACTED

12. On October 5, 2015, I served the Privilege Log of Non-Parties Rambus Delaware LLC and Rambus Inc. on counsel for Defendant LG Electronics. On October 16, 2015, I served the Supplemental Privilege Log of Non-Parties Rambus Delaware LLC and Rambus Inc. on counsel for Defendant LG Electronics. On November 16, 2015, I served the Amended (Consolidated) Privilege Log of Non-Parties Rambus Delaware LLC and Rambus Inc. on counsel for Defendant LG Electronics.      REDACTED

13. I participated in meet-and-confers with counsel for Defendants' on September 22, 2015, and October 21, 2015 to discuss the overbreadth of the Rule 45 document subpoenas and the scope of Rambus' production in response to such subpoenas. During at least the October 21st meet-and-confer, I informed Defendants' counsel that      REDACTED

I also informed Defendants' counsel that it was Rambus' position that a motion to compel such documents would first need to be filed in the United States District Court for the Northern District of California, pursuant to Federal Rules of Civil Procedure 37 and 45.

14. On November 4, 2015, I participated in a telephone call with Benjamin J. Schladweiler, counsel for Defendant LG Electronics, Inc. During this call, I reiterated Rambus' position that any motion to compel documents      REDACTED

must first be brought in the United States District Court for the Northern

RESTRICTED – ATTORNEYS' EYES ONLY

District of California pursuant to Rules 37 and 45, and that under the relevant legal authority Rambus believes jurisdiction is improper in Delaware.

15. Attached hereto as Exhibit 1 is a true and correct copy of excerpts from the September 19, 2014, Rule 30(b)(6) deposition testimony of Laura S. Stark, Senior Vice President and General Manager, Emerging Solutions Division, Rambus Inc.

16. Attached hereto as Exhibit 2 is a true and correct copy of Non-Party Rambus Inc.'s Responses and Objections to Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action, dated and served on July 24, 2015.

17. Attached hereto as Exhibit 3 is a true and correct copy of Non-Party Rambus Delaware LLC's Responses and Objections to Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action, dated and served on July 24, 2015.

18. Attached hereto as Exhibit 4 is a true and correct copy of an email I sent to counsel for Defendants on November 6, 2015, including legal authority discussed by Rambus in meet-and-confers and telephone conversations with Defendants' counsel regarding the proper jurisdiction for a motion to compel discovery from a non-party.

19. Attached hereto as Exhibit 5 is a true and correct copy of a Joint Stipulation Pursuant to Local Rule 37-2 Regarding Lenovo's and LG's Motion to Compel Acacia to Comply with Subpoena, dated November 17, 2015, and filed in a miscellaneous action pending in the United States District Court for the Central District of California captioned *Lenovo Holding Co., Inc. et al. v. Acacia Research Corp., et al.*, C.A. 8:15-mc-00032-DOC-DFM, D.I. 5 (C.D. Cal. Nov. 17, 2015).

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

30734990.1

RESTRICTED – ATTORNEYS' EYES ONLY

Executed this 23rd day of November, 2015, in Atlanta, Georgia.

                                                */s/ Tara S.G. Sharp*
                                                Tara S.G. Sharp