**ROSS ARONSTAM & MORITZ LLP**

Benjamin J. Schladweiler
100 S. West Street, Suite 400 • Wilmington, DE 19801
Direct Dial: 302.576.1608 • Facsimile 302.576.1100
bschladweiler@ramllp.com

**VIA E-FILING & HAND DELIVERY**
The Honorable Richard G. Andrews
J. Caleb Boggs Federal Building
Wilmington, Delaware 19801-3555

November 23, 2015

**REDACTED PUBLIC VERSION**

Re: *Delaware Display Group LLC et al v. LG Electronics Inc. et al*, C.A. No. 13-2109-RGA

Dear Judge Andrews:

LG submits the following reply letter in response to Plaintiffs' November 20 letter brief:

1. **Plaintiffs' 30(b)(6) Depositions of LG Cannot Occur Until Plaintiffs Provide Sufficient Infringement Contentions**

Plaintiffs assert that LG is "block[ing] all depositions of its witnesses until LG is completely satisfied with Plaintiffs' infringement contentions." Not true. LG has indicated that it would provide such depositions following this discovery conference, once LG has adequate infringement charts and the case is narrowed. It is unreasonable and beyond the scope of Rule 30(b)(6) to demand LG to prepare witnesses for notices covering over 1600 Accused Products. This is especially true when Plaintiffs have produced, as the Court put it, "patently awful" infringement charts. *See* LG Nov. 20 ltr, Exs. 1-2. The current state of Plaintiffs' contentions—eleven days prior to the close of fact discovery and nearly two years into the case—for nearly 1600+ products, fails to provide LG adequate notice of Plaintiffs' infringement theories.

2. **LGD has Complied with the Court's August 17 Order**

LG Display ("LGD") has complied with the Court's August 17 Order. Pursuant to the Order, LGD produced the technical documents (LCM/CAD/specs files) and other documents on August 24.[1] Regarding Plaintiffs' allegation relating to allegedly missing and/or Apple-related documents, LGD responded to Plaintiffs' October 12 letter and explained that it had again investigated Plaintiffs' allegations and confirmed that the listed LCM technical documents are: (1) not within the possession, custody or control of Defendants, and/or (2) that the identified LCMs are made exclusively for or on behalf of Apple. Plaintiffs' complaints now go further, asking for "proof that the products were sold to Apple." This is outside the scope of the August 17 Order.[2] LG has produced the contemplated technical documents for the unlicensed Accused

---

[1] Consistent with the Court's Order (¶7), on August 24, LG Display produced available profit projections (LGDIDT0010956) and cost information (LGDIDT0011004) (data before 2012 does not exist). LG Display produced BLU cost information (LGDIDT0095665) on November 4.

[2] Plaintiffs' also misrepresent the broad scope of the Apple license agreement, which extends beyond products "sold to" Apple to encompass products "made, created, developed, used or designed by or substantially by, or for or substantially for," Apple or an Apple Affiliate. Ex. 1.

The Honorable Richard G. Andrews
November 23, 2015
Page 2

Products. Moreover, the fact that Plaintiffs limit their complaint to Apple, and not to other licensed entities, further underscores that Plaintiffs are seeking merely to harass LG rather than obtain relevant discovery.

3. **LG's Production of Financial Documents is Not Deficient**

Plaintiffs incorrectly assert that "LGD has yet to produce any responsive documents" and "LGD now admits that it did not even start searching for responsive documents" until after August 24. LGD produced financial documents, CAD files, and specifications responsive to Plaintiffs' listed categories at least as early as August 24. *See, e.g.*, FN 2. Regardless, in an effort at compromise, on November 18, LGD counsel explained that it was communicating with LG regarding Plaintiffs' further request and that, if documents existed, they would be produced. Indeed, early today, LGD produced an additional document responsive to Plaintiffs' requests, underscoring that Plaintiffs' complaints were, at best, premature to raise at this conference. Nevertheless, LGD continues to "scrape the bottom of the barrel" to determine whether any even minimally relevant documents may still remain.

4. **The *AUO* Discovery is Unnecessary for This Litigation**

The unrelated *AUO* case was filed in 2007, at least 1-2 years prior to the issuance of the patents at issue in this case. Although requested numerous times, Plaintiffs have failed to provide any authority for the proposition that, merely because a product was accused in a different case, LGD must produce all documents from that case. Nor does the fact that the documents were in the past "gathered and organized" for another matter compel their production (because those production documents no longer exist). Rather, LGD has searched for and produced the technical documents as held in the ordinary course of business that Plaintiffs have requested—*e.g.*, the LCM and CAD files—that are in its possession, custody, or control. Yet, Plaintiffs continue not to chart or rely on those documents, but instead request more unnecessary, irrelevant or duplicative discovery from the *AUO* case. Such requests are nothing short of harassment.

5. **LG has not Failed to Cooperate in Obtaining Samples of the Accused Products**

First, LG has not refused to produce relevant documents "with information regarding the deformities on the light guides, films, and sheets." LG has produced the technical documents for the Accused Products that are in its possession, custody, or control. In fact, Plaintiffs have cited at least some of the documents to provide (insufficient) claim charts. *See, e.g.*, Ex. 2 ("claim chart" for "LD070WX7--SMA2 (LCM only)"). Second, as explained during the October 29 meet and confer, LG simply cannot obtain samples internally. For LG counsel to obtain samples— even for those products still in production and/or sold—it would purchase those products through, for example, Best Buy (as it has done in prior cases, including at least one in which

The Honorable Richard G. Andrews
November 23, 2015
Page 3

opposing counsel was also involved).³ To date, Plaintiffs have not communicated a purchasing plan to LG, as expected in view of the Court's ruling in the *VIZIO* hearing. In no way, however, did the *VIZIO* ruling require Defendants to independently provide/purchase the Accused Products as Plaintiffs appear to demand in their November 20 letter.

### 6. LG has Produced All LCM Specifications and CAD Files

LG produced all LCM and CAD files in its possession, custody, or control. Plaintiffs' assertion that "these documents must have existed for all of the Accused Products" is incorrect and pure speculation. Plaintiffs ignore explanations that there are not—nor ever were—LCM and/or CAD files specific to each Accused Product.⁴ And while certain LCM and/or CAD files could apply to more than one Accused Product, Plaintiffs charts remain deficient. LG has **not** destroyed any "missing" LCM and/or CAD files. LG has already provided a "full explanation."

### 7. LG's Privilege Log is Not Deficient

LGD's supplemental privilege log is not deficient. As communicated multiple times, LGD conducted a search for any privileged documents and logged such documents that were in its possession, custody, or control pursuant to the Discovery Order. Plaintiffs allege deficiencies that simply do not exist. LG has complied with discovery obligations and produced a complete privilege log, which stands in stark contrast to Plaintiffs' deficient privilege log.

### 8. LGD's Interrogatory Responses are Not Deficient

LGD's response to Interrogatory Nos. 7-8 is complete. LGD referred Plaintiffs to a document that explains, in detail, each digit of an Accused Product. *See* Ex. 3. Plaintiffs seek information (*e.g.*, technical differences) in the product names that does not exist. LGD provided supplemental responses to Interrogatory Nos. 12-13 earlier today and, thus, Plaintiffs' complaints are moot. *See* Ex. 4. Finally, regarding cross-production of documents, LG has not "refused" or "blocked" Plaintiffs' access to information. Rather, consistent with the Court's views expressed in the *VIZIO* hearing, LG does not oppose Plaintiffs' use of certain LG documents (*e.g.*, technical documents relating to LCMs in VIZIO/Lenovo products). However, LG does not consent to Plaintiffs' wholesale use of LG's entire document production against VIZIO and Lenovo. LG has proposed that Plaintiffs provide LG a list of documents they intend to use against VIZIO and Lenovo, and LG will work in good faith to ensure Plaintiffs have access to the relevant documents for their case in chief.

---

³ Moreover, despite admitting to purchasing at least some Accused Products, in response to multiple demands by Defendants, Plaintiffs could not identified a single chart where such purchased product information was included (*e.g.*, pictures). Thus, it is unclear why Plaintiffs are seeking sample products for all 1600+ Accused Products other than to unnecessarily burden LG.
⁴ Insofar as Plaintiffs have refused to identify the sources from which they ascertained the accused LCM model numbers (*see* LG's Nov. 20 letter), LG is not able to determine whether the products corresponding to the "missing" files even accurately reflect existing LCM models.

The Honorable Richard G. Andrews
November 23, 2015
Page 4

                                                   Respectfully submitted,

                                                   */s/ **Benjamin J. Schladweiler***

                                                 Benjamin J. Schladweiler (#4601)

cc:     Clerk of the Court
        All Counsel of Record

# EXHIBITS 1-4 REDACTED IN ENTIRETY