**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| DELAWARE DISPLAY GROUP LLC and INNOVATIVE DISPLAY TECHNOLOGIES LLC, | Civil Action No. 13-2108-RGA |
| Plaintiffs, | **JURY TRIAL DEMANDED** |
| v. | |
| LENOVO HOLDING CO., INC., and LENOVO (UNITED STATES) INC., | |
| Defendants. | |
| DELAWARE DISPLAY GROUP LLC and INNOVATIVE DISPLAY TECHNOLOGIES LLC, | Civil Action No. 13-2109-RGA |
| Plaintiffs, | **JURY TRIAL DEMANDED** |
| v. | |
| LG ELECTRONICS INC., LG ELECTRONICS U.S.A., INC., LG DISPLAY CO., LTD., and LG DISPLAY AMERICA, INC. | |
| Defendants. | |
| DELAWARE DISPLAY GROUP LLC and INNOVATIVE DISPLAY TECHNOLOGIES LLC, | Civil Action No. 13-2111-RGA |
| Plaintiffs, | **JURY TRIAL DEMANDED** |
| v. | |
| VIZIO, INC., et al. | |
| Defendants. | |

## DEFENDANTS' NOTICE OF SUBPOENA TO
## <u>PRODUCE DOCUMENTS TO FLUKE CORPORATION</u>

PLEASE TAKE NOTICE that pursuant to Rules 34 and/or 45 of the Federal Rules of

Civil Procedure, defendants Lenovo Holding Co. Inc.; Lenovo (United States), Inc.; LG Electronics

Inc.; LG Electronics U.S.A., Inc.; LG Display Co., Ltd.; LG Display America, Inc.; and VIZIO, Inc.

(collectively, "Defendants"), by and through undersigned counsel of record, have issued the

attached Subpoena to Fluke Corporation ("Fluke") for the production of documents and things

listed in Attachment A hereto.  Fluke is required to produce the requested documents no later

than January 20, 2016 at the offices of Platinum Media c/o David Feldman Worldwide, Attention:

Tanya M. Grant, 2339 N. 137th St., Seattle, Washington 98133, or at such place and times as the

parties mutually agree.

Pursuant to the Stipulated Protective Order (Attachment B), the requested documents

may be produced under the relevant protections offered by the Stipulated Protective Order.


Respectfully submitted on behalf of Defendants,

Dated: December 30, 2015        By:        */s/ Michael J. Word*
                                           Jamie B. Beaber
                                           Kfir B. Levy
                                           Baldine B. Paul
                                           Anita Y. Lam
                                           Alison T. Gelsleichter
                                           MAYER BROWN LLP
                                           1999 K Street, NW
                                           Washington, DC 20006
                                           Telephone:  (202) 263-3000
                                           jbeaber@mayerbrown.com
                                           klevy@mayerbrown.com
                                           bpaul@mayerbrown.com
                                           alam@mayerbrown.com
                                           agelsleichter@mayerbrown.com

                                           Robert G. Pluta
                                           Michael J. Word
                                           Amanda K. Streff

MAYER BROWN LLP
71 S. Wacker Drive
Chicago, IL 60606
Telephone:  (312) 701-8641
rpluta@mayerbrown.com
mword@mayerbrown.com
astreff@mayerbrown.com

David E. Ross (Bar No. 5228)
Benjamin J. Schladweiler (Bar No. 4601)
100 S. West Street, Suite 400
Wilmington, DE 19801
(302) 576-1600
dross@ram-llp.com
bschladweiler@ram-llp.com

*Counsel for Defendants LG Electronics,
Inc., LG Electronics U.S.A., Inc., LG
Display Co., Ltd., and LG Display
America, Inc.*

AO 88B  (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT

for the

District of Delaware

| | |
|---|---|
| Delaware Display Group LLC and Innovative Display Techs. LLC | ) |
| *Plaintiff* | ) |
| v. | )    Civil Action No.   13-2109-RGA |
| LG Electronics Inc., LG Electronics U.S.A., Inc., LG Display Co., Ltd., and LG Display America, Inc. | ) |
| *Defendant* | ) |

### SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
### OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To:    Fluke Corporation
      6920 Seaway Blvd., Everett, Washington, 98203

*(Name of person to whom this subpoena is directed)*

☑ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:   See Attachment A attached hereto

| Place:   Platinum Media c/o David Feldman Worldwide | Date and Time: |
|---|---|
|        Attn:  Tanya M. Grant | |
|        2339 N. 137th St., Seattle, Washington 98133 | 01/20/2016 9:00 am |

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

      The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date:   12/30/2015

| *CLERK OF COURT* | | |
|---|---|---|
| | OR | |
| | | /s/ Michael J. Word |
|    *Signature of Clerk or Deputy Clerk* | | *Attorney's signature* |

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)*   LG Electronics Inc.
LG Electronics U.S.A., Inc., LG Display Co., Ltd., and LG Display America, Inc.   , who issues or requests this subpoena, are:

Michael J. Word, Mayer Brown LLP, 71 S. Wacker Dr., Chicago, IL 60606, 312-701-7355

### Notice to the person who issues or requests this subpoena

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B  (Rev.  02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.   13-2109-RGA

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

❐  I served the subpoena by delivering a copy to the named person as follows: _____

_____ on *(date)* _____ ; or

❐  I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $     0.00     .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1) For a Trial, Hearing, or Deposition.** A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
  **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
  **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
    **(i)** is a party or a party's officer; or
    **(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2) For Other Discovery.** A subpoena may command:
  **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
  **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1) Avoiding Undue Burden or Expense; Sanctions.** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2) Command to Produce Materials or Permit Inspection.**
  **(A)** Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
  **(B)** Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
    **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
    **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3) Quashing or Modifying a Subpoena.**
  **(A)** When Required. On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
    **(i)** fails to allow a reasonable time to comply;
    **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
    **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
    **(iv)** subjects a person to undue burden.
  **(B)** When Permitted. To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
    **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

    **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
  **(C)** Specifying Conditions as an Alternative. In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
    **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
    **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1) Producing Documents or Electronically Stored Information.** These procedures apply to producing documents or electronically stored information:
  **(A)** Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
  **(B)** Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
  **(C)** Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
  **(D)** Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2) Claiming Privilege or Protection.**
  **(A)** Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
    **(i)** expressly make the claim; and
    **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## ATTACHMENT A TO SUBPOENA TO FLUKE

Pursuant to Rules 34 and/or 45 of the Federal Rules of Civil Procedure, defendants

Lenovo Holding Co. Inc.; Lenovo (United States), Inc.; LG Electronics Inc.; LG Electronics U.S.A.,

Inc.; LG Display Co., Ltd.; LG Display America, Inc.; and VIZIO, Inc. (collectively, "Defendants")

request that You identify, produce and permit the inspection and copying of the documents and

things listed below.

## DEFINITIONS

1.      "Fluke Corporation," "Fluke," "You," and/or "Your," mean the recipient of this

subpoena, Fluke Corporation, and its past and present predecessors, successors, subsidiaries,

divisions, parents and affiliates, and all past and present officers, directors, affiliates, agents,

employees, consultants, accountants, attorneys, representatives, and any other person or entity

acting on behalf of any of the foregoing.

2.      "IDT" means Innovative Display Technologies LLC, its predecessors and

successors and related entities, and its present and former officers, directors, employees, agents,

representatives, consultants, attorneys, accountants, and others acting or purporting to act on its

or their behalf.

3.      "DDG" means Delaware Display Group LLC, its predecessors and successors and

related entities, and its present and former officers, directors, employees, agents, representatives,

consultants, attorneys, accountants, and others acting or purporting to act on its or their behalf.

4.      As used herein, the term "Plaintiffs" means DDG and IDT, separately or together.

5.      The term "Backlit LCD Module" and "Backlit LCD Modules" refer to assemblies

and/or modules that contain a liquid crystal display (LCD) and further contain one or more light

sources along with structures that direct, redirect, guide, or otherwise provide light from the one

or more lights sources to the (LCD).

6.    "Components," with reference to Backlit LCD Modules, refers to structures for directing, changing, adjusting, controlling, or affecting in any way, emitted light in displays and includes liquid crystal modules, backlight units, optical panel members, optical conductors, or light guides with or without transition areas or structural features, light sources, sheets or films, with or without deformities or optical elements that may or may not form a pattern, and trays and/or housings with or without reflective walls or continuous side walls.

7.    "Document" and "Documents" shall have the broadest meaning allowed by Rule 34(a) of the Federal Rules of Civil Procedure and includes (without limitation) any writing of any kind, Including originals and all non-identical copies (whether different from the original by reason of any notation made on such copies or otherwise). The terms "Document" and "Document(s)" shall include electronically stored information and shall also include, without limitation, the following items, whether printed or reproduced by any process, or written or produced by hand or stored in computer memory, magnetic or hard disk or other data storage medium, and whether or not claimed to be privileged, confidential or otherwise excludable from discovery, namely, notes, letters, correspondence, Communications, emails, telegrams, memoranda, summaries or records of telephone conversations, summaries or records of personal conversations or meetings, diaries, reports, laboratory and research reports and notebooks, recorded experiments, charts, plans drawings, diagrams, schematic diagrams, Hardware Descriptive Language (HDL), Verilog, or other computer code, illustrations, product descriptions, product analyses, requests for proposals, Documents related to proposed or actual product improvements or changes, users manuals or guides, installation guides or manuals, technical descriptions or specifications, product repair manuals or guides, photographs, video

images, software flow charts or descriptions or specifications, product functional descriptions or specifications, minutes or records of meetings, summaries of interviews, reports, or investigations, opinions of reports of consultants, reports of patent searches, patent appraisals, opinions of counsel, agreements, reports or summaries of negotiations, brochures, pamphlets, advertisements, circulars, trade letters, press releases, drafts of Documents, and all other materials fixed in a tangible medium of whatever kind known to you or in your possession, custody, or control.

8.      The term "Communication(s)" means the transmittal of information by any means, and includes any transfer of information, ideas, opinions, or thoughts by any means, written, oral, or otherwise, at any time or place under any circumstances. The definition is not limited to transfers between persons and/or Entities, but also includes other transfers, such as records and memoranda to file; any written letter, memorandum, or other Document that was sent by one or more individuals to another or others; any telephone call between one or more individuals and another or others, whether such call was by chance or prearranged or not, formal or informal; and any conversation or meeting between one or more individuals and another, whether such contact was by chance or prearranged or not, formal or informal.

9.      "Person" is defined as any natural person or any business, legal, or governmental entity or association.

10.     "Offeror" means a Person who makes a proposal to another to make, sell, or buy the Patented Article.

11.     "Relating" or "Concerning" means regarding, referring to, concerning, mentioning, reflecting, pertaining to, analyzing, evidencing, stating, involving, identifying, describing, discussing, documenting, commenting on, dealing with, embodying, responding to,

addressed or sent to, received from, supporting, contradicting, comprising, containing, or constituting (in whole or in part), as the context makes appropriate.

12. The use of a verb in any tense shall be construed as the use of the verb in all other tenses.

13. The singular is to be construed as including the plural and vice versa.

14. "And" and "or" are to be construed either disjunctively or conjunctively to acquire the broadest meaning possible, so as to bring within the scope of the Request all information that might otherwise be construed to be outside its scope.

15. "All" means "any" and "each" and vice versa.

16. "Including" means "including, without limitation."

17. "Defendant(s)" means LG Electronics U.S.A., Inc., LG Display Co., Ltd., and LG Display America, Inc.

## INSTRUCTIONS

1. Documents shall be produced as kept in the usual course of business.  In producing documents, all documents that are physically attached to each other in files or other means of storage (including electronic means) must be left so attached.  Documents that are segregated or separated from other documents, whether by inclusion in binders, files or subfiles, or by use of dividers, tabs or any other method, must be so segregated or separated and the binders, files, subfiles, dividers, tabs or other means of separation must be copied if there are any markings or writing thereon.  Documents are to be produced in the manner in which they are maintained.

2. Each produced page or sheet shall be marked with a consecutive document control number.

3.     Each document is to be produced along with all non-identical drafts thereof in their entirety, without abbreviation or redaction, and as maintained in the ordinary course of business.  If multiple copies of a document exist, please produce every copy with notations or markings of any sort that do not appear on other copies.

4.     If you claim any form of privilege or discovery protection as a ground for not producing or for redacting any document, you must serve on the undersigned within thirty (30) days of service, a list of such withheld or redacted documents indicating, for each document withheld or redacted, the following information:

    a)    The author of the document;

    b)    The person(s) for whom the document was prepared, to whom it was sent, and who received copies;

    c)    The date of the document;

    d)    The subject matter of the document;

    e)    The type of document (e.g., letter, memorandum, note, report, etc.);

    f)    The number of pages and attachments; and

    g)    The nature and the basis for the claim of privilege.

5.     More than one request herein may seek the same documents. The presence of such duplication is not to be interpreted to narrow or limit the normal interpretation placed upon each individual request. Where a Document is requested by more than one request, only one copy of it need be produced.  However, You should produce all non-identical copies of all Documents requested herein.

6.     If You object to a request, or any part of a request, you are to produce all documents to which your objection does not apply.

7.     Each paragraph in this attachment shall be construed independently, and no paragraph shall be construed to limit any other paragraph.

8.     The use of any definition in this attachment is not an agreement or acknowledgment that such definition is accurate, meaningful, or appropriate for any other purpose in this action.

9.     Pursuant to Federal Rule of Civil Procedure Rule 26(e), your responses to the following subpoena requests for production are to be promptly supplemented to include any subsequently acquired documents and information.

## DOCUMENTS AND THINGS TO BE PRODUCED

**REQUEST NO. 1:**

Documents sufficient to identify by model number each Fluke product having a Backlit LCD Module marketed, sold, or offered for sale by Fluke prior to June 27, 1995.

**REQUEST NO. 2:**

For each model of Fluke product having a Backlit LCD Module that was marketed, sold, or offered for sale by Fluke prior to June 27, 1995, a copy of all versions of Documents Relating to the structure, operation, and functionality for each such product, including, but not limited to, schematics, design specifications, data sheets, technical specifications, assembly guides, and installation guides.

**REQUEST NO. 3:**

For each model of Fluke product having a Backlit LCD Module that was marketed, sold, or offered for sale by Fluke prior to June 27, 1995, a copy of all of versions of all manuals for such product, including, but not limited to, user manuals, service manuals, repair manuals, and instruction manuals.

**REQUEST NO. 4:**

For each model of Fluke product having a Backlit LCD Module that was marketed, sold, or offered for sale by Fluke prior to June 27, 1995, a copy of all Documents Relating to the advertising or marketing of such product, including, but not limited to, brochures, tear sheets, advertisements, and flyers.

**REQUEST NO. 5:**

For each model of Fluke product having a Backlit LCD Module that was marketed, sold, or offered for sale by Fluke prior to June 27, 1995, all Documents Relating to the development of such product, including, but not limited to, engineering workbooks, project summaries, and

testing results.

**REQUEST NO. 6:**

For each model of Fluke product having a Backlit LCD  Module that was marketed, sold, or offered for sale by Fluke prior to June 27, 1995, all Documents Relating to public disclosures of such product prior to June 27, 1995, including, but not limited to, customer presentations and conference presentations.

**REQUEST NO. 7:**

Documents sufficient to show Fluke's sales of all products having a Backlit LCD Modules prior to June 27, 1995, including Documents sufficient to show for each such sale the date of sale, date of shipment, quantity, model number(s) of such products, serial number(s) of such products, price, purchaser, and recipient.

**REQUEST NO. 8:**

Documents sufficient to identify the suppliers of each Backlit LCD Module for use with or otherwise incorporated into a Fluke product prior to June 27, 1995.

**REQUEST NO. 9:**

Documents sufficient to show Fluke's purchase of all backlit LCD modules prior to June 27, 1995, including for each purchase the supplier, model number(s) of such modules, serial number(s) of such modules, date of purchase, date of receipt, and quantity.

**REQUEST NO. 10:**

For each Backlit LCD Module used with or otherwise incorporated into a Fluke product prior to June 27, 1995, Documents Relating to the structure, operation, and functionality of such model, including, but not limited to, schematics, design specifications, technical specifications, assembly guides, and installation guides.

**REQUEST NO. 11:**

For each Backlit LCD Module used with or otherwise incorporated into a Fluke product prior to June 27, 1995, copies of all manuals for such module, including, but not limited to, user manuals, service manuals, repair manuals, and instruction manuals.

**REQUEST NO. 12:**

A copy of all Documents Relating to the structure, operation, and functionality of such the Fluke 39, Fluke 40, Fluke 41, and Fluke 41B Power Harmonics Analyzers, including, but not limited to, schematics, design specifications, data sheets, technical specifications, assembly guides, and installation guides.

**REQUEST NO. 13:**

A copy of all versions of manuals for the Fluke 39, Fluke 40, Fluke 41, and Fluke 41B Power Harmonics Analyzers, including, but not limited to, user manuals, service manuals, repair manuals, and instruction manuals.

**REQUEST NO. 14:**

A copy of all Documents Relating to the advertising or marketing of the Fluke 39, Fluke 40, Fluke 41, and Fluke 41B Power Harmonics Analyzers, including, but not limited to, data sheets, tear sheets, brochures, advertisements, and flyers.

**REQUEST NO. 15:**

Documents sufficient to show Fluke's sales of Fluke 39, Fluke 40, Fluke 41, and Fluke 41B Power Harmonics Analyzers prior to June 27, 1995, including Documents sufficient to show for each such sale the date of sale, date of shipment, quantity, model number(s) of such products, serial number(s) of such products, price, purchaser, and recipient.

**REQUEST NO. 16:**

Documents sufficient to show Fluke's purchases of Epson Backlit LCD Modules, including the Epson ECM-A0678 module, prior to June 27, 1995, including Documents sufficient to show for each purchase the date of purchase, model number(s) of such modules, serial number(s) of such modules, date of shipment, quantity, and price paid per unit.

**REQUEST NO. 17:**

Documents sufficient to show each Person employed by Fluke having responsibility for selecting Backlit LCD Modules to be incorporated into Fluke products prior to June 27, 1995.

**REQUEST NO. 18:**

Documents sufficient to show the author(s) of each Document produced in response to each of the above Requests.

**REQUEST NO. 19:**

Two samples of each Fluke product having a Backlit LCD  Module marketed, sold, or offered for sale by Fluke prior to June 27, 1995.

**REQUEST NO. 20:**

Two samples each of the Fluke 39, Fluke 40, Fluke 41, and Fluke 41B Power Harmonics Analyzers.

# ATTACHMENT B

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| DELAWARE DISPLAY GROUP LLC and INNOVATIVE DISPLAY TECHNOLOGIES LLC, | § § § § | |
| | § | C.A. No. 13-cv-2108-RGA |
| Plaintiffs, | § § § | JURY TRIAL DEMANDED |
| v. | § § | |
| LENOVO HOLDING CO., INC., and LENOVO (UNITED STATES) INC., | § § § | |
| Defendants. | § § § | |

| | | |
|---|---|---|
| DELAWARE DISPLAY GROUP LLC and INNOVATIVE DISPLAY TECHNOLOGIES LLC, | § § § | |
| | § | C.A. No. 13-cv-2109-RGA |
| Plaintiffs, | § § | JURY TRIAL DEMANDED |
| v. | § § | |
| LG ELECTRONICS, INC., LG ELECTRONICS U.S.A., INC., LG DISPLAY CO., LTD., and LG DISPLAY AMERICA, INC., | § § § § § | |
| Defendants. | § § | |

| | | |
|---|---|---|
| DELAWARE DISPLAY GROUP LLC and INNOVATIVE DISPLAY TECHNOLOGIES LLC, | § § § | |
| | § | C.A. No. 13-cv-2111-RGA |
| Plaintiffs, | § § | JURY TRIAL DEMANDED |
| v. | § § | |
| SONY CORPORATION, SONY CORPORATION OF AMERICA, SONY ELECTRONICS INC., and SONY MOBILE COMMUNICATIONS (USA) INC. | § § § § § § | |
| Defendants. | § | |

DELAWARE DISPLAY GROUP LLC    §
AND INNOVATIVE DISPLAY         §
TECHNOLOGIES LLC              §
                             §      **C.A. No. 13-cv-2112-RGA**
                             §
        **Plaintiffs,**        §      **JURY TRIAL DEMANDED**
                             §
**v.**                          §
                             §
**VIZIO, INC., et al.**          §
                             §
        **Defendant.**        §

---

## [~~PROPOSED~~] PROTECTIVE ORDER

---

Pursuant to Federal Rule of Civil Procedure 26(c), the parties agree to the entry of this

Protective Order ("Order") to facilitate and expedite discovery in this action.

IT IS ORDERED THAT:

In order to expedite the flow of discovery materials, facilitate the prompt resolution of

disputes over confidentiality of discovery materials, adequately protect information the parties

are entitled to keep confidential, ensure that only materials the parties are entitled to keep

confidential are subject to such treatment, and ensure that the parties are permitted reasonably

necessary uses of such materials in preparation for and in the conduct of trial, pursuant to Fed. R.

Civ. P. 26(c), it is hereby stipulated among the parties and ORDERED THAT:

    1.    Each Party may designate as confidential for protection under this Order, in whole or

in part, any document, information or material that constitutes or includes, in whole or in part,

confidential or proprietary information or trade secrets of the Party or a Third Party to whom the

Party reasonably believes it owes an obligation of confidentiality with respect to such document, information or material ("Protected Material"). Protected Material shall be designated by the Party producing it by affixing a legend or stamp on such document, information or material as follows: "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY." The designation "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY" shall be placed clearly on each page of the Protected Material (except deposition and hearing transcripts) for which such protection is sought. For deposition and hearing transcripts, the designation "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY" shall be placed on the cover page of the transcript (if not already present on the cover page of the transcript when received from the court reporter) by each attorney receiving a copy of the transcript after that attorney receives notice of the designation of some or all of that transcript as "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY."

2.      With respect to documents, information or material designated "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY",[1] subject to the provisions herein and unless otherwise stated, this Order governs, without limitation: (a) all documents, electronically stored information, and/or things as defined by the Federal Rules of Civil Procedure; (b) all pretrial, hearing or deposition testimony, or documents marked as exhibits or for identification in depositions and hearings; (c) pretrial pleadings, exhibits to pleadings and other court filings; (d) affidavits; and (e) stipulations. All copies, reproductions, extracts, digests and complete or partial summaries prepared from any DESIGNATED MATERIALS shall also be considered DESIGNATED MATERIAL and treated as such under this Order.

---

[1] The term DESIGNATED MATERIAL is used throughout this Protective Order to refer to the class of materials designated as "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY," both individually and collectively.

3.     A designation of Protected Material (i.e., "CONFIDENTIAL" or "RESTRICTED –
ATTORNEYS' EYES ONLY") may be made at any time. Inadvertent or unintentional
production of documents, information or material that has not been designated as
DESIGNATED MATERIAL shall not be deemed a waiver in whole or in part of a claim for
confidential treatment. Any party that inadvertently or unintentionally produces Protected
Material without designating it as DESIGNATED MATERIAL may request destruction of that
Protected Material by notifying the recipient(s) as soon as reasonably possible after the
producing Party becomes aware of the inadvertent or unintentional disclosure, and providing
replacement Protected Material that is properly designated.  The recipient(s) shall then destroy
all copies of the inadvertently or unintentionally produced Protected Materials and any
documents, information or material derived from or based thereon within seven business days.

4.     "CONFIDENTIAL" documents, information and material may be disclosed only to
the following persons of the receiving Party, except upon receipt of the prior written consent of
the designating Party, upon order of the Court, or as set forth in paragraph 10 herein:

        a.     outside counsel of record in this Action for the receiving Parties;

        b.     employees of such counsel assigned to and reasonably necessary to assist
such counsel in the litigation of this Action;

4

c. up to two in-house counsel per receiving Party who either have responsibility for making decisions dealing directly with the litigation of this Action, or who are assisting outside counsel in the litigation of this Action, provided that before access is given, in-house counsel for the receiving Party complete the Undertaking attached as Exhibit A. Access by in-house counsel is to be limited to in-house counsel who exercise no competitive decision making authority on behalf of the client.

d. two (2) designated representative of the receiving Party to the extent reasonably necessary for the litigation of this Action, except that any party may in good faith request the other party's consent to designate one or more additional representatives, the other party shall not unreasonably withhold such consent, and the requesting party may seek leave of Court to designate such additional representative(s) if the requesting party believes the other party has unreasonably withheld such consent. Before access is given to the designated representatives of the Parties, they must have completed the Undertaking attached as Exhibit A;

e. outside consultants or experts (i.e., not existing employees or affiliates of a Party, or existing employees of an affiliate of a Party) retained for the purpose of this litigation, provided that: (1) such consultants or experts are not presently employed by the Parties hereto for purposes other than this Action; (2) before access is given, the consultant or expert has completed the Undertaking attached as Exhibit A hereto and the same is served upon the producing Party with a current curriculum vitae of the consultant or expert at least ten (10) days before access to the Protected Material is to be given to that consultant so that the producing Party may object to and notify the receiving Party in writing that it objects to disclosure of Protected Material to the consultant or expert. The Parties agree to promptly confer and use good faith to resolve any such objection. If the Parties are unable to resolve any objection, the objecting Party may file a motion with the Court within fifteen (15) days of the notice, or within such other time as the Parties may agree, seeking a protective order with respect to the proposed disclosure. The objecting Party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order;

f. independent litigation support services, including persons working for or as court reporters, graphics or design services, jury or trial consulting services, mock jurors, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this Action; and

g. the Court and its personnel.

5

5.     A Party shall designate documents, information or material as "CONFIDENTIAL" only upon a good faith belief that the documents, information or material contains confidential or proprietary information or trade secrets of the Party or a Third Party to whom the Party reasonably believes it owes an obligation of confidentiality with respect to such documents, information or material.

6.     Documents, information or material produced pursuant to any discovery request in this Action, including but not limited to Protected Material designated as DESIGNATED MATERIAL, shall be used by the Parties only in the litigation of this Action and shall not be used for any other purpose. Any person or entity who obtains access to DESIGNATED MATERIAL or the contents thereof pursuant to this Order shall not make any copies, duplicates, extracts, summaries or descriptions of such DESIGNATED MATERIAL or any portion thereof except as may be reasonably necessary in the litigation of these Actions.  Any such copies, duplicates, extracts, summaries or descriptions shall be classified DESIGNATED MATERIALS and subject to all of the terms and conditions of this Order.

7.     To the extent a producing Party believes that certain Protected Material qualifying to be designated "CONFIDENTIAL" is so sensitive that its dissemination deserves even further limitation, the producing Party may designate such Protected Material "RESTRICTED – ATTORNEYS' EYES ONLY."

8.     For Protected Material designated "RESTRICTED – ATTORNEYS' EYES ONLY," access to, and disclosure of, such Protected Material shall be limited to individuals listed in paragraphs 4 (a-b) and (e-g).

9.     The Parties do not currently anticipate that it will be necessary to produce source code.  Should the Parties subsequently determine that source code is relevant to a claim or

6

defense, the Parties will confer in good faith to arrive at appropriate additional protections to govern the production of source code.

10.     Nothing in this Order shall require production of documents, information or other material that a Party contends is protected from disclosure by the attorney-client privilege, the work product doctrine, or other privilege, doctrine, or immunity. If documents, information or other material subject to a claim of attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity is inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any such privilege, doctrine, or immunity. Any Party that inadvertently or unintentionally produces documents, information or other material it reasonably believes are protected under the attorney-client privilege, work product doctrine, or other privilege, doctrine, or immunity may obtain the return of such documents, information or other material by promptly notifying the recipient(s) and providing a privilege log for the inadvertently or unintentionally produced documents, information or other material. The recipient(s) shall gather and return all copies of such documents, information or other material to the producing Party, except for any pages containing privileged or otherwise protected markings by the recipient(s), which pages shall instead be destroyed and certified as such to the producing Party within seven business days.

11.     There shall be no disclosure of any DESIGNATED MATERIAL by any person authorized to have access thereto to any person who is not authorized for such access under this Order. The Parties are hereby ORDERED to safeguard all such documents, information and material to protect against disclosure to any unauthorized persons or entities.

12.     If a receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated

7

Protective Order, the receiving Party must immediately (a) notify in writing the designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to complete the Undertaking attached as Exhibit A.

13.    Nothing contained herein shall be construed to prejudice any Party's right to use any DESIGNATED MATERIAL in taking testimony at any deposition or hearing provided that the DESIGNATED MATERIAL is only disclosed to a person(s) who is: (i) eligible to have access to the DESIGNATED MATERIAL by virtue of his or her employment with the designating Party, (ii) identified in the DESIGNATED MATERIAL as an author, addressee, or copy recipient of such information, (iii) although not identified as an author, addressee, or copy recipient of such DESIGNATED MATERIAL, has, in the ordinary course of business, seen such DESIGNATED MATERIAL, (iv) a current or former officer, director or employee of the producing Party or a current or former officer, director or employee of a company affiliated with the producing Party; (v) counsel for a Party, including outside counsel and in-house counsel (subject to paragraph 4 of this Order); (vi) an independent contractor, consultant, and/or expert retained for the purpose of this litigation (subject to paragraph 4(e) of this Order); (vii) court reporters and videographers; (viii) the Court; or (ix) other persons entitled hereunder to access to DESIGNATED MATERIAL. DESIGNATED MATERIAL shall not be disclosed to any other persons unless prior authorization is obtained from counsel representing the producing Party or from the Court.

14.    Parties may, at the deposition or hearing or within thirty (30) days after receipt of a deposition or hearing transcript, designate the deposition or hearing transcript or any portion thereof as "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY," pursuant to

8

this Order. Access to the deposition or hearing transcript so designated shall be limited in accordance with the terms of this Order. Until expiration of the 30-day period, the entire deposition or hearing transcript shall be treated as "RESTRICTED – ATTORNEYS' EYES ONLY."

15.    Any DESIGNATED MATERIAL that is filed with the Court shall be filed under seal and shall remain under seal until further order of the Court. The filing party shall be responsible for informing the Clerk of the Court that the filing should be sealed and for placing the legend "FILED UNDER SEAL PURSUANT TO PROTECTIVE ORDER" above the caption and conspicuously on each page of the filing. Exhibits to a filing shall conform to the labeling requirements set forth in this Order. If a pretrial pleading filed with the Court, or an exhibit thereto, discloses or relies on confidential documents, information or material, such confidential portions shall be redacted to the extent necessary and the pleading or exhibit filed publicly with the Court.

16.    The Order applies to pretrial discovery. Nothing in this Order shall be deemed to prevent the Parties from introducing any DESIGNATED MATERIAL into evidence at the trial of this Action, or from using any information contained in DESIGNATED MATERIAL at the trial of this Action, subject to any pretrial order issued by this Court.

17.    A Party may request in writing to the other Party that the designation given to any DESIGNATED MATERIAL be modified or withdrawn. If the designating Party does not agree to redesignation within ten (10) days of receipt of the written request, the requesting Party may apply to the Court for relief after meet and confer in compliance with the Local Rule 7.1.1. Upon any such application to the Court, the burden shall be on the designating Party to show why its classification is proper. Such application shall be treated procedurally as a motion to

9

compel pursuant to Federal Rules of Civil Procedure 37, subject to the Rule's provisions relating to sanctions. In making such application, the requirements of the Federal Rules of Civil Procedure and the Local Rules of the Court shall be met. Pending the Court's determination of the application, the designation of the designating Party shall be maintained.

18.     Each outside consultant or expert to whom DESIGNATED MATERIAL is disclosed in accordance with the terms of this Order shall be advised by counsel of the terms of this Order, shall be informed that he or she is subject to the terms and conditions of this Order, and shall sign an acknowledgment that he or she has received a copy of, has read, and has agreed to be bound by this Order. A copy of the acknowledgment form is attached as Appendix A.

19.     To the extent that any discovery is taken of persons who are not Parties to this Action ("Third Parties") and in the event that such Third Parties contended the discovery sought involves trade secrets, confidential business information, or other proprietary information, then such Third Parties may agree to be bound by this Order.

20.     To the extent that discovery or testimony is taken of Third Parties, the Third Parties may designate as "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY" any documents, information or other material, in whole or in part, produced or given by such Third Parties. The Third Parties shall have ten (10) days after production of such documents, information or other materials to make such a designation. Until that time period lapses or until such a designation has been made, whichever occurs sooner, all documents, information or other material so produced or given shall be treated as "CONFIDENTIAL" in accordance with this Order.

21.     Within sixty (60) days of final termination of this Action, including any appeals, all DESIGNATED MATERIAL, including all copies, duplicates, abstracts, indexes, summaries,

10

descriptions, and excerpts or extracts thereof (excluding excerpts or extracts incorporated into any privileged memoranda of the Parties and materials which have been admitted into evidence in this Action), shall at the producing Party's election either be returned to the producing Party or be destroyed. The receiving Party shall verify the return or destruction by affidavit furnished to the producing Party, upon the producing Party's request. Notwithstanding this provision, attorneys for the Parties are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order. Any destruction obligations under this Protective Order shall not apply to electronically-stored information in archival form stored on backup tapes or computer servers that are created only for disaster recovery purposes, provided that such electronic archives are not used as reference materials for a receiving Party's business operations.

22. The failure to designate documents, information or material in accordance with this Order and the failure to object to a designation at a given time shall not preclude the filing of a motion at a later date seeking to impose such designation or challenging the propriety thereof. The entry of this Order and/or the production of documents, information and material hereunder shall in no way constitute a waiver of any objection to the furnishing thereof, all such objections being hereby preserved.

23. Any Party knowing or believing that any other party is in violation of or intends to violate this Order and has raised the question of violation or potential violation with the opposing party and has been unable to resolve the matter by agreement may move the Court for such relief

11

as may be appropriate in the circumstances. Pending disposition of the motion by the Court, the Party alleged to be in violation of or intending to violate this Order shall discontinue the performance of and/or shall not undertake the further performance of any action alleged to constitute a violation of this Order.

24.     Production of DESIGNATED MATERIAL by each of the Parties shall not be deemed a publication of the documents, information and material (or the contents thereof) produced so as to void or make voidable whatever claim the Parties may have as to the proprietary and confidential nature of the documents, information or other material or its contents.

25.     If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any DESIGNATED MATERIAL, that Party must:

> a.     Promptly notify in writing the designating Party. Such notification shall include a copy of the subpoena or court order;
>
> b.     Promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and
>
> c.     Cooperate with respect to all reasonable procedures sought to be pursued by the designating Party whose Protected Material may be affected.

If the designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as DESIGNATED MATERIAL before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall

12

bear the burden and expense of seeking protection in that court of its Protected Material – and nothing in these provisions should be construed as authorizing or encouraging a receiving Party in this action to disobey a lawful directive from another court.

26. Patent Prosecution Bar. Any individual attorney, agent, consultant or expert employed or retained by a Party who receives any proprietary technical information designated as RESTRICTED – ATTORNEYS' EYES ONLY shall not thereafter prepare, prosecute, supervise, or assist in the prosecution of any patent application including claims related to the subject matter disclosed in the patents-in-suit. Proprietary technical information shall not include, for example, financial information, information obtainable through reverse engineering or other publicly available means, or information already present in the prior art of the subject matter of the patents-in-suit. For purposes of this paragraph, "prosecution" includes drafting, amending or otherwise affecting the scope of patent claims. This Patent Prosecution Bar shall begin when access to the RESTRICTED – ATTORNEYS' EYES ONLY proprietary technical information is first received by the affected individual and shall end one year after the final termination of this Action. This Patent Prosecution Bar shall not preclude participation by a party's counsel of record in re-examination, interference proceedings, *inter partes* reviews, or covered business method reviews of any patent to the extent that counsel of record does not participate or assist in the amendment of patent claims.

27. Nothing in this Order shall be construed to effect an abrogation, waiver or limitation of any kind on the rights of each of the Parties to assert any applicable discovery or trial privilege.

28. After the conclusion of the above-captioned case, the provisions of this Order shall continue to be binding until further order of this Court, and this Court shall retain

13

jurisdiction over the Parties and any other person who has had access to Protected Material pursuant to this Order, in order to enforce the provisions of this Order.

29.     Each of the Parties shall also retain the right to file a motion with the Court (a) to modify this Order to allow disclosure of DESIGNATED MATERIAL to additional persons or entities if reasonably necessary to prepare and present this Action and (b) to apply for additional protection of DESIGNATED MATERIAL.

Dated: June 26, 2015

FARNAN LLP

*/s/ Brian E. Farnan*
Brian E. Farnan (#4089)
919 North Market Street
12th Floor
Wilmington, DE 19801
Tel: (302) 777-0300
bfarnan@farnanlaw.com

*Attorneys for Plaintiffs Delaware Display Group
LLC and Innovative Display Technologies LLC*

Respectfully submitted,

YOUNG CONAWAY STARGATT
& TAYLOR, LLP

*/s/ Pilar G. Kraman*
Adam W. Poff (No. 3990)
Pilar G. Kraman (No. 5199)
1000 North King Street
Rodney Square
Wilmington, DE 19801
(302) 571-5600
apoff@ycst.com
pkraman@ycst.com

*Attorneys for Defendant VIZIO, Inc.*

14

POTTER ANDERSON & CORROON LLP

*/s/ Bindu A. Palapura*
Richard L. Horwitz (#2246)
David E. Moore (#3983)
Bindu A. Palapura (#5370)
Hercules Plaza, 6th Floor
1313 N. Market Street
Wilmington, DE 19801
Tel: (302) 984-6000
rhorwitz@potteranderson.com
dmoore@potteranderson.com
bpalapura@potteranderson.com

*Attorneys for Defendants Lenovo Holding
Company, Inc. and Lenovo (United States) Inc.*

ROSS ARONSTAM & MORITZ LLP

*/s/ Benjamin J. Schladweiler*
David E. Ross (Bar No. 5228)
Benjamin J. Schladweiler (Bar No. 4601)
100 S. West Street, Suite 400
Wilmington, DE 19801
(302) 576-1600
dross@ramllp.com
bschladweiler@ramllp.com

*Attorneys for Defendants LG Electronics, Inc.,
LG Electronics U.S.A., Inc., LG Display Co.,
Ltd., and LG Display America, Inc.*

MORRIS JAMES LLP

*/s/ Kenneth L. Dorsney*
Kenneth L. Dorsney (#3726)
500 Delaware Ave., Suite 1500
Wilmington, DE 19801
(302) 888-6800
kdorsney@morrisjames.com

*Attorneys for Defendants Sony Corporation,
Sony Corporation of America,
Sony Electronics Inc., and Sony
Mobile Communications (USA) Inc.*

IT IS SO ORDERED, this ___29___ day of ___June___, 2015.

The Honorable Richard G. Andrews

15

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| **DELAWARE DISPLAY GROUP LLC** | § | |
| **and INNOVATIVE DISPLAY** | § | |
| **TECHNOLOGIES LLC,** | § | |
| | § | **C.A. No. 13-cv-2108-RGA** |
| | § | |
| **Plaintiffs,** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **v.** | § | |
| | § | |
| **LENOVO HOLDING CO., INC., and** | § | |
| **LENOVO (UNITED STATES) INC.,** | § | |
| | § | |
| **Defendants.** | § | |
| | § | |

| | | |
|---|---|---|
| **DELAWARE DISPLAY GROUP LLC** | § | |
| **and INNOVATIVE DISPLAY** | § | |
| **TECHNOLOGIES LLC,** | § | |
| | § | **C.A. No. 13-cv-2109-RGA** |
| **Plaintiffs,** | § | |
| | § | **JURY TRIAL DEMANDED** |
| **v.** | § | |
| | § | |
| **LG ELECTRONICS, INC.,** | § | |
| **LG ELECTRONICS U.S.A., INC.,** | § | |
| **LG DISPLAY CO., LTD., and** | § | |
| **LG DISPLAY AMERICA, INC.,** | § | |
| | § | |
| **Defendants.** | § | |

| | | |
|---|---|---|
| **DELAWARE DISPLAY GROUP LLC** | § | |
| **and INNOVATIVE DISPLAY** | § | |
| **TECHNOLOGIES LLC,** | § | |
| | § | **C.A. No. 13-cv-2111-RGA** |
| **Plaintiffs,** | § | |
| | § | **JURY TRIAL DEMANDED** |
| **v.** | § | |
| | § | |
| **SONY CORPORATION, SONY** | § | |
| **CORPORATION OF AMERICA, SONY** | § | |
| **ELECTRONICS INC., and SONY** | § | |
| **MOBILE COMMUNICATIONS (USA)** | § | |
| **INC.** | § | |
| **Defendants.** | § | |

16

| | § | |
| **DELAWARE DISPLAY GROUP LLC** | § | |
| **AND INNOVATIVE DISPLAY** | § | |
| **TECHNOLOGIES LLC** | § | |
| | § | **C.A. No. 13-cv-2112-RGA** |
| | § | |
| **Plaintiffs,** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **v.** | § | |
| | § | |
| **VIZIO, INC., et al.** | § | |
| | § | |
| **Defendant.** | § | |

## APPENDIX A
## UNDERTAKING REGARDING PROTECTIVE ORDER

I, _____, declare that:

1.    My address is _____.

My current employer is _____.

My current occupation is _____.

2.    I have received a copy of the Protective Order in this action. I have carefully read and understand the provisions of the Protective Order.

3.    I will comply with all of the provisions of the Protective Order. I will hold in confidence, will not disclose to anyone not qualified under the Protective Order, and will use only for purposes of this action any information designated as "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY" that is disclosed to me.

4.    Promptly upon termination of these actions, I will return all documents and things designated as "CONFIDENTIAL" or "RESTRICTED – ATTORNEYS' EYES ONLY"

17

that came into my possession, and all documents and things that I have prepared relating

thereto, to the outside counsel for the party by whom I am employed.

5.    I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the

Protective Order in this action.

I declare under penalty of perjury that the foregoing is true and correct.


Signature _____


Date_____

18