

100 S. West Street, Suite 400 • Wilmington, DE 19801
Telephone 302.576.1600 • Facsimile 302.576.1100
www.ramllp.com

Benjamin J. Schladweiler

Direct Dial:  302.576.1608
bschladweiler@ramllp.com

December 18, 2015

**VIA E-FILING & HAND DELIVERY**
The Honorable Richard G. Andrews
J. Caleb Boggs Federal Building
844 N. King Street
Unit 9, Room 6325
Wilmington, Delaware  19801-3555

Public Version
Filed on January 7, 2016

Re:  *Delaware Display Group LLC et al v. LG Electronics Inc. et al*,
  **C.A. No. 13-2108-RGA, C.A. No. 13-2109-RGA, C.A. 13-2112-RGA**

Dear Judge Andrews:

We write regarding the Court's direction given at the November 24, 2015, LG hearing, which, in part, referred to extending the case schedule.  *See* Tr. at 29:16-21, 31:12-22.  The parties met and conferred and are at an impasse regarding an extension to the case schedule.  Their statements and competing proposals are set forth below and in Attachment A.

**Plaintiffs' Statement**

Defendants' goal is clear: delay the trial date. To do this, Defendants' proposal includes, for example, an extreme increase in the amount of time for submission of responsive (i.e., *Defendants*') expert reports. The current schedule – to which all the parties agreed – includes dates of February 1, 2016 and February 29, 2016 for opening and responsive expert reports, which provides a standard four weeks between the expert report deadlines. Plaintiffs' proposed revised schedule merely moves the corresponding dates one month, to March 1, 2016 and March 29, 2016, respectively, and maintains the same four weeks between the deadlines. Despite the fact that the case now involves only two patents (instead of the original seven), Defendants' proposed schedule would greatly expand the time period for responsive expert reports, from the current four-week period to an unwarranted **seven weeks**.  Defendants propose similar liberal expansions of the current schedule, increasing the time period for expert discovery from the current three weeks to four weeks.  The Court should reject Defendants' unilateral attempts to

expand current relative deadlines, as their clear underlying purpose is to force an extension of the trial date.

Defendants have repeatedly impeded progress of the case to advance their goal of moving the trial date. For example, **no Defendant has produced a single witness for deposition**, even on topics that have no connection to infringement contentions, such as existing licenses, sales and financial data. In contrast, Defendants have taken thirteen depositions and noticed many more. Similarly, Plaintiffs explained that Defendants produced deficient core technical documents and requested that Defendants provide additional core technical documents for Plaintiffs' use in updated infringement contentions. And although Defendants could have obtained those documents from their suppliers, they initially refused and later made only half-hearted efforts at the behest of the Court. Only when the Court on August 17 <u>ordered</u> LG to produce numerous core technical documents and other withheld files did Defendant LG endeavor to produce relevant core technical documents, such as the CAD files for the accused products.

Although Lenovo represented to Plaintiffs that it had requested technical documents from LG <u>more than a year and a half ago</u>, ████████████████████████████████████████ Only earlier this week, after Plaintiffs' moved to compel cross-production, did LG finally produce certain CAD files to Lenovo and VIZIO, and finally give Plaintiffs' permission to include the CAD files in Plaintiffs' infringement contentions to Lenovo and VIZIO. Contrary to Defendants' statements below, Plaintiffs have already produced hundreds of updated infringement contentions to LG, and contemporaneous with this letter, are producing numerous updated contentions to Lenovo.

While Defendants argue that the number of accused products supports adoption of their schedule, LG is the only party with an arguably large number of accused products, and LG has repeatedly refused Plaintiffs' offer for representative products since at least August. Tellingly, LG has known in great detail how it infringes these patents since before Plaintiffs even filed this lawsuit. LG indemnified prior defendants, such as Dell and HP, in lawsuits in the Eastern District of Texas involving some of the very same accused liquid crystal display modules at issue in this case. Plaintiffs served detailed expert reports on infringement for those products, and those reports included many claim charts with teardowns. Dell, HP, and LG all share the same counsel, yet Dell and HP have supposedly refused consent to produce those reports in this case, and LG has, conveniently, not sought the Court's intervention to obtain those reports.

Defendants even delayed negotiating this amended schedule. Plaintiffs proposed their schedule to Defendants on November 19, but Defendants did not offer a counter-proposal until December 3 – one day before the close of fact discovery. The parties had a conference call on

The Honorable Richard G. Andrews
December 18, 2015
Page 3

December 4 to discuss the proposed amended schedule, during which Plaintiffs offered a compromise of dates between the parties' dates listed in Attachment A below. Defendants demanded a date for service of infringement contentions, and Plaintiffs offered to agree to serve updated infringement contentions for VIZIO and Lenovo on Defendants' proposed January 14 deadline *if* Defendants would agree to the compromise of schedule as proposed by Plaintiffs, which did not require moving the trial date. Incredibly, Defendants refused that offer and insisted that Defendants now needed seven weeks between opening and reply expert reports, instead of the originally-scheduled four weeks. Defendants' counsel also insisted on changing the trial date to "TBD." And now, Defendants' section in this letter reveals that Defendants do in fact request a postponement of the trial.

In spite of Defendants' efforts to impede this case, Plaintiffs have diligently prepared with the expectation that trial would go forward on October 24, 2016 – a date that the Court set back in September 2014. There are over 10 months between now and trial. That is sufficient time for the parties to finish preparing their cases as shown in Plaintiffs' proposed schedule below. Defendants paint an unrealistically complicated picture of this case. At present there are only two asserted patents and about 12 asserted claims in this case. Defendants have already delayed this case enough, and the Court should not reward that delay by giving Defendants what they desire – a postponed trial.

**Defendants' Statement**

The primary points of contention are (1) the time allowed before fact discovery closes, (2) the time allowed for Defendants to respond to Plaintiffs' infringement positions in responsive expert reports, and (3) the time allowed to prepare dispositive motions.  Furthermore, per the Court's indication during the LG Discovery Conference, the need may exist for Defendants to move to strike any products from the case that they were not adequately put on notice of with respect to infringement theories.  Lastly, Plaintiffs contend that, despite the shifts in the schedule necessitated by the delays in the case, the Court should set the trial date as originally scheduled. Defendants' position is that the pre-trial and trial dates should be set by the Court as suits the Court's scheduling needs based on when discovery and briefing on dispositive motions are completed.  As such, Defendants' schedule does not identify a date for these events, but anticipates the Court setting such dates as suits its convenience.[1]

---

[1]  Rather than focus on the parties' present scheduling needs, much of Plaintiffs' statement disparages Defendants' past discovery efforts.  While Defendants strongly disagree with Plaintiffs' characterizations, our submission endeavors to constructively address the current scheduling situation without engaging in an unnecessary rebuttal to the above comments.

In the original schedule, the Court recognized the need for the parties to exchange contentions well in advance of the close of fact discovery to ensure that parties were provided enough time to build their rebuttal cases.[2]  This is not a trivial issue.  In a patent infringement case, in which the plaintiff bears the burden of proof, infringement contentions are how the parties and court know the scope of the case and the actual infringement allegations to be tried, thereby allowing defendants fair opportunity to prepare a defense.  *See, e.g.*, *H-W Technology v. Apple, Inc. et al.*, No. 11 Civ. 651, 2012 WL 3650597, at *2 (N.D. Tex. Aug. 2, 2012) (internal citations omitted) ("The purpose of preliminary infringement contentions is to provide notice of the accusing party's specific theories of infringement.  This notice focuses discovery and narrows issues for claim construction, summary judgment, and trial.").  Proper infringement contentions also show that a plaintiff has a good faith basis to proceed with its case.

Because Plaintiffs have provided only substandard infringement contentions to VIZIO and Lenovo, and have not yet disclosed their allegations of infringement for any of the allegedly inventive elements of the patents-in-suit to the LG defendants, any schedule that does not provide substantial time for Defendants to prepare their defenses—once those disclosures are finally made—will severely prejudice Defendants.

First, Defendants anticipate that, even if Plaintiffs complete disclosure of contentions to VIZIO and Lenovo by January 14 as they have currently agreed (and assuming that the lion's share of contentions are provided before then on a rolling basis), the parties will still need to take further discovery, or will have related disputes, after that date.  Hence, the Defendants' schedule proposes a fact discovery cut-off six weeks after Plaintiffs' contentions are complete: **February 25, 2016**.

Second, given the large number of products at issue, Plaintiffs' late production of contentions, the need to physically examine products to evaluate infringement theories, and the expectation that Plaintiffs' theories will likely only coalesce (if at all) in their opening expert report, Defendants respectfully request an extra three weeks to prepare responsive expert reports. In addition, this will provide time to file the aforementioned motion to strike, if necessary. Hence, Defendants propose that such responsive reports be due on **May 12, 2016**.

Third, Plaintiffs schedule provides three weeks from the close of expert discovery to the filing of dispositive motions.  Given the complexity of this case involving multiple patents and parties, this deadline is too constrained.  Defendants respectfully submit that the parties and the Court will be better served if the parties are allowed a reasonable time to hone the issues and

---

[2] Initial claim charts were due November 21, 2014, fact discovery was set to close a year later, on December 4, 2015, and exchange of initial expert reports was scheduled for February 1, 2016.

authority to be submitted to the Court and to focus their submissions. This case is well suited for summary judgment, and proper time spent here may save the parties and Court from the unnecessary burden of a trial. Hence, Defendants respectfully request that the Court provide an extra week (i.e., a four-week window) to prepare such filings, scheduling them for **August 11, 2016**.

Lastly, in view of the difficulty of trying to fit two years of litigation into ten months (including service of contentions, remaining fact discovery, expert discovery, and summary judgment)—notably a problem driven primarily by Plaintiffs' inability to serve adequate infringement contentions—Defendants respectfully propose that the Court set a trial date as fits its needs to permit the Court time to consider dispositive motions and rule on them sufficiently in advance of pretrial proceedings. Defendants recognize the practicalities of moving pretrial/trial dates, and therefore leave this matter, including the length of any such extension, to the Court's discretion. Plaintiffs' position that, despite substantial delay in the case, the trial date must remain as originally set may be impractical for the Court, and sets unrealistic and unneeded burdens on the Court and parties.

Plaintiffs' undoubtedly wish to disclose their infringement positions at the latest possible time, and to provide Defendants the shortest possible time in which to respond. Plaintiffs' proposed schedule thus gives Defendants an exceedingly limited time to prepare a defense. This is especially prejudicial given the number of products accused in this case. Defendants' proposal, on the other hand, allows time to consider the positions that will be known to them potentially only for the first time during expert reports, and provides the parties and Court sufficient time to proceed with the case thereafter. Defendants' proposal does not prejudice any of the parties, as the Court itself noted recently that these cases have not moved to an advanced stage. *Delaware Display Group, et al. v. VIZIO, Inc., et al.*, No. 13-2112, 11/5/2015 Discovery Conference Transcript, at 25:17-23. For these reasons, Defendants respectfully request that the Court enter their proposed schedule.

Respectfully submitted,

*/s/ Benjamin J. Schladweiler*

Benjamin J. Schladweiler (#4601)
*Counsel for Defendants LG Electronics, Inc., LG Electronics U.S.A., Inc., LG Display Co., Ltd., and LG Display America, Inc.*

The Honorable Richard G. Andrews
December 18, 2015
Page 6

                                   */s/ Michael J. Farnan*

                                   Michael J. Farnan (#5165)
*Counsel for Plaintiffs Delaware Display Group LLC and Innovative Display Technologies LLC*

                                   */s/ Pilar G. Kraman*

Pilar G. Kraman (#5199)
*Counsel for Defendant VIZIO, Inc.*

                                   */s/ Stephanie E. O'Byrne*

Stephanie E. O'Byrne (#4446)
*Counsel for Defendants Lenovo Holding Co. Inc. and Lenovo (United States) Inc.*

cc:     Clerk of the Court
        All Counsel of Record

**ATTACHMENT A**

| Event | Current Schedule | Plaintiffs' Proposal | Defendants' Proposal |
|---|---|---|---|
| Deadline to complete service of infringement contentions to VIZIO and Lenovo | N/A | Jan. 14, 2016 | Jan. 14, 2016 |
| Fact Discovery Cut-Off | Dec. 18, 2015 | Feb. 4, 2016 | Feb. 25, 2016 |
| Opening Expert Reports | Feb. 1, 2016 | Mar. 1, 2016 | Mar. 24, 2016 |
| Responsive Expert Reports | Feb. 29, 2016 | Mar. 29, 2016 | May 12, 2016 |
| Reply Expert Reports | Mar. 21, 2016 | Apr. 21, 2016 | June 9, 2016 |
| Expert Discovery Cut-Off | April 22, 2016 | May 20, 2016 | July 14, 2016 |
| Case Dispositive Motions (Opening Briefs) | June 3, 2016 | June 10, 2016 | Aug. 11, 2016 |
| Pretrial Conference | Oct. 14, 2016 | Oct. 14, 2016 | As determined by the Court |
| Trial | Oct. 24, 2016 | Oct. 24, 2016 | As determined by the Court |