**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| **DELWARE DISPLAY GROUP LLC and INNOVATIVE DISPLAY TECHNOLOGIES LLC,** | § | |
| **Plaintiffs,** | § | **C.A. No. 13-cv-2108-RGA** |
| **v.** | § | **JURY TRIAL DEMANDED** |
| **LENOVO HOLDING CO., INC., and LENOVO (UNITED STATES) INC.,** | § | |
| **Defendants.** | § | |

| | | |
|---|---|---|
| **DELWARE DISPLAY GROUP LLC and INNOVATIVE DISPLAY TECHNOLOGIES LLC,** | § | |
| **Plaintiffs,** | § | **C.A. No. 13-cv-2109-RGA** |
| **v.** | § | **JURY TRIAL DEMANDED** |
| **LG ELECTRONICS, INC., LG ELECTRONICS U.S.A., INC., LG DISPLAY CO., LTD., and LG DISPLAY AMERICA, INC.,** | § | |
| **Defendants.** | § | |

| | | |
|---|---|---|
| **DELWARE DISPLAY GROUP LLC AND INNOVATIVE DISPLAY TECHNOLOGIES LLC** | § | |
| **Plaintiffs,** | § | **C.A. No. 13-cv-2112-RGA** |
| **v.** | § | **JURY TRIAL DEMANDED** |
| **VIZIO, INC.,** | § | |
| **Defendant.** | § | |

**PLAINTIFFS' OPENING BRIEF IN SUPPORT OF THEIR MOTION TO EXCLUDE TESTIMONY RELATING TO THE EXPERT REPORTS OF MICHAEL J. ESCUTI**

# TABLE OF CONTENTS

I. INTRODUCTION ........................................................................ 1

II. FACTUAL BACKROUND ........................................................................ 1

III. ARGUMENT ........................................................................ 4

A. The Federal Circuit Authorizes the Court to Exclude Late-Disclosed Invalidity Contentions ........................................................................ 4

B. Exclusion Is Warranted in this Case ........................................................................ 5

IV. CONCLUSION ........................................................................ 7

# TABLE OF AUTHORITIES

**Cases**

*Abbott Labs. v. Lupin Ltd.*,
Civ. No. 09–152, 2011 WL 1897322 (D. Del. May 19, 2011) .................. 5

*Changzhou Kaidi Elec. Co., Ltd. v. Okin America, Inc.*,
112 F. Supp. 3d 330 (D. Md. 2015) .................. 6, 7

*HSM Portfolio LLC v. Elpida Memory Inc.*,
No. 11-770-RGA, 2016 WL 552543 (D. Del. Feb. 11, 2016) .................. 6

*Konstantopoulos v. Westvaco Corp.*,
112 F.3d 710 (3d Cir. 1997) .................. 5

*Meyers v. Pennypack Woods Home Ownership Ass'n*,
559 F.2d 894 (3d Cir. 1977) .................. 5

*O2 Micro Int'l Ltd. v. Monolithic Power Sys. Inc.*,
467 F.3d 1355 (Fed.Cir.2006) .................. 4

*Pactiv Corp. v. Multisorb Techs., Inc.*,
No. 10 C 461, 2013 WL 2384249 (N.D. Ill. May 29, 2013) .................. 6

*SanDisk Corp. v. Memorex Prods., Inc.*,
415 F.3d 1278 (Fed.Cir.2005) .................. 4

*Server Tech., Inc. v. American Power Conversion Corp.,*
No. 3:06-cv-698, 2014 WL 1308617 (D. Nev. Mar. 31, 2014) .................. 6

*Tyco Healthcare Group LP v. Applied Med. Res. Corp.*,
No. 9:06-cv-151, 2009 WL 5842062 (E.D. Tex. Mar. 30, 2009) .................. 6

*United States v. 68.94 Acres of Land*,
918 F.2d 389 (3d Cir. 1990) .................. 5

*Vehicle IP, LLC v. Werner Enter., Inc.*,
2013 WL 4786119 (D. Del. Sept. 9, 2013) .................. 5

## I. INTRODUCTION

Defendants' invalidity expert, Dr. Michael Escuti, opines about 12 proposed combinations of prior art that were not disclosed in Defendants' Invalidity Contentions. After three-and-a-half years of litigation, Defendants first disclosed these theories after the close of fact discovery, leaving Plaintiffs only one month to develop responses. This tactic should not be allowed to stand—the untimely disclosed combinations should be excluded from the case. Defendants will not be prejudiced if the prior art combinations are excluded, as Dr. Escuti opines about at least 44 alleged ground of invalidity. Defendants' invalidity case is unmanageable for trial, so exclusion of their eleventh-hour contentions would only streamline the case, conserving party and judicial resources.

## II. FACTUAL BACKROUND

Defendants disclosed their Invalidity Contentions on December 22, 2014, as the Scheduling Order required them to do. *See* D.I. 19, at 2(d). Neither the Scheduling Order nor any other order provided for Defendants to amend or supplement those contentions, and Defendants never moved for leave to do so. Nonetheless, without seeking leave, Defendants served Supplemental Invalidity Contentions on March 9, 2016.

On March 29, the Court ordered Defendants to limit the number of prior art publication references to ten references per patent by April 30. *See* D.I. 296. Defendants then served additional Supplemental Invalidity Contentions on April 30, which limited the publication references as required, but also made additional changes. *See* Ex. A,[1] Supp. Inv. Contentions. For example, Defendants added a ground of alleged invalidity under 35 U.S.C. ¶ 112. *See id.* at 30.

---

[1] Exhibits are attached to the Declaration of Justin B. Kimble, which is being filed contemporaneously with this Brief.

Pertinent to this motion, Defendants' Supplemental Invalidity Contentions of April 30 included 39 claim charts, some of which included alleged combinations of references. The claim charts relevant to this motion are:[2]

| **Patent** | **Chart** | **Alleged Prior art** |
|---|---|---|
| '974 patent | D-1 | US 5,453,855 ("Nakamura") **(claims 1, 3, 4, 5, 7, 8, 9)** |
| '974 patent | D-4 | US 6,108,060 ("Funamoto") in view of Nakamura, *Super Thin Backlight for Liquid Crystal Displays*, Satoshi Honda ("Honda"), or WO 95/10066 ("Gleckman") **(claims 1, 3, 4, 5, 7, 8, 9)** |
| '974 patent | D-7 | US 5,548,271 ("Tsuchiyama") in view of Funamoto **(claims 1, 3, 4, 5, 7, 8)** |
| '974 patent | D-23 | JP H06-025802 ("Yoshikawa"), also in view of Funamoto, Tsuchiyama, JP H7-064078A ("Kisoo"), or JP H05-69732 ("Seraku") **(claims 1, 3, 4, 7, 8)**, or in view of Funamoto, US 5,592,332 ("Nishio '332"), JP H-07-005463 ("Takeuchi"), JP H06-250178 ("Matsuoka"), or US 5,280,371 ("McCartney") **(claim 5)** |
| '974 patent | D-26 | Kisoo **(claims 1, 4, 5, 7, 8)**, also in view of JP H05-45651 ("Niizuma") or US 7,017,155 ("Yagi") **(claim 3)** |
| '370 patent | E-5 | EP 0 500 960 ("Ohe") **(claims 1, 4, 8, 13, 29, 47)** |
| '370 patent | E-9 | JP H6-235917 ("Yamada") **(claims 1, 4, 13, 29, 47)**, also in view of US 5,386,347 ("Matsumoto"), US 5,408,388 ("Kobayashi"), Ohe, EP 0 517 173 ("Hooker"), JP H5-210014 ("Tsunoda"), or JP No. H6-3526 ("Nagatani") **(claim 8)** |
| '370 patent | E-12 | US 5,005,108 ("Pristash") **(claims 1, 4, 8, 13, 29, 47)** |
| '370 patent | E-25 | JP H03-189679 ("Suzuki") **(claims 29, 47)**, also in view of US 4,929,866 ("Murata") **(claims 1, 4)**, or Suzuki in view of Murata and further in view of Matsumoto, Kobayashi, JP H07-117144 ("Ishida"), Nishio '332, US 5,598,280 ("Nishio '280"), or Takeuchi **(claim 8)**, or Suzuki in view of Pristash, JP H06-242731 ("Mino"), or US 5,499,112 ("Kawai") **(claim 13)** |

On May 18, Defendants served the Expert Report of Michael J. Escuti, which is 459 pages long and includes an additional 44 claim charts. In the Expert Report and in certain of the attached claim charts, Dr. Escuti opines about multiple combinations of prior art that were never disclosed to Plaintiffs. Particularly because Defendants unilaterally supplemented their contentions twice, including on the last day of fact discovery (just over two weeks from service

[2] Due to the size of the claim charts, Plaintiffs have not submitted them with this Brief, but they are incorporated here and are available for the Court at its request.

of the Expert Report), Dr. Escuti's opinions about previously-undisclosed combinations is inexcusable and highly prejudicial to Plaintiffs. Further, Dr. Escuti testified that he was retained by counsel for Defendants to work on this matter in the summer of 2015, so there is no reason Defendants could not have included these combinations in their Invalidity Contentions. *See* Ex. B, Escuti Dep. at 32:11-33:21.

The new combinations in Dr. Escuti's report are summarized below:[3]

| **Patent** | **Escuti Chart** | **Prior art** |
|---|---|---|
| '974 patent | Ex. 3 | Tsuchiyama in view of Kisoo **(claims 1, 3, 4, 5, 7, 8)** |
| '974 patent | Ex. 4 | Nakamura in view of Yoshikawa **(claims 1, 3, 4, 5, 7, 8)** |
| '974 patent | Ex. 5 | Yoshikawa in view of Nakamura **(claims 1, 3, 4, 5, 7, 8)** |
| '370 patent | Ex. 16 | Ohe in view of Kobayashi **(claims 1, 4, 8, 13)** |
| '370 patent | Ex. 18 | Pristash in view of Yamada **(claims 1, 4, 8, 13)** |
| '370 patent | Ex. 19 | Pristash in view of Murata **(claims 1, 4, 8, 13, 29, 47)** |
| '370 patent | Ex. 20 | Pristash in view of Suzuki **(claims 29, 47)** |
| '370 patent | Ex. 22 | Suzuki in view of Yamada **(claims 1, 4, 8)** |
| '370 patent | Ex. 23 | Suzuki in view of Yamada and further in view of Pristash **(claims 13, 47)** |
| '370 patent | Ex. 25 | Suzuki in view of Murata and further in view of Pristash **(claims 13, 47)** |
| '370 patent | Ex. 27 | Yamada in view of Suzuki **(claims 1, 4)** |
| '370 patent | Ex. 28 | Yamada in view of Pristash **(claims 1, 4, 8, 13, 29)** |

None of these combinations are disclosed in the Supplemental Invalidity Contentions.

As illustrated above, for the '974 patent, Tsuchiyama was disclosed to be combined with Funamoto, but not with Kisoo as Escuti proposes. Nakamura was disclosed as a stand-alone reference, and to be combined with Fumamoto, but not to be combined with with Yoshikawa as Escuti proposes. Yoshikawa was disclosed to be combined with seven references, but not Nakamura.

---

[3] *See supra* note 2.

For the ’370 patent, Ohe was disclosed as a stand-alone reference, and to be combined with Yamada for claim 8, but not to be combined with Kobayashi for four other claims as Escuti proposes. Similarly, Pristash was only disclosed as a stand-alone reference and to be combined with Suzuki for claim 13, not to be combined with Yamada, Murata, and Suzuki (but not for claim 13) as now contended. Suzuki was disclosed to be combined with 10 references, but not to be combined with Yamada, or Yamada plus Pristash, or Murata plus Pristash. Finally, Yamada was disclosed to be combined with six references, but not Suzuki or Pristash. This demonstrates the volume of changes that Defendants made to their invalidity contentions, less than three weeks after they last (unilaterally) supplemented them.

## III. ARGUMENT

### A. The Federal Circuit Authorizes the Court to Exclude Late-Disclosed Invalidity Contentions

Federal Circuit authority governs rules and deadlines such as those relating to invalidity contentions that are “intimately involved in the substance of enforcement of the patent right.” *O2 Micro Int’l Ltd. v. Monolithic Power Sys., Inc.,* 467 F.3d 1355, 1364 (Fed.Cir.2006). The burden is on the party seeking to add contentions to establish diligence rather than on the opposing party to establish a lack of diligence. *Id.* at 1366. “[T]he exclusion of evidence is often an appropriate sanction for the failure to comply” with deadlines under a court’s scheduling order. *Id.* at 1369. This is particularly true where the undisclosed information is significant, and the party failing to make the timely disclosure lacked diligence. *See id.* (citing *SanDisk Corp. v. Memorex Prods., Inc.,* 415 F.3d 1278, 1292 (Fed.Cir.2005 (finding no abuse of discretion in exclusion of evidence pertaining to theories of claim construction and infringement not disclosed as required by the local patent rules and the court's scheduling order)).

"Parties may not use their obligation to supplement as an excuse to violate the clear terms of a scheduling order, unilaterally buying themselves additional time to make disclosures, thereby unduly prejudicing other parties and potentially delaying the progress of a case." *Abbott Labs. v. Lupin Ltd.,* Civ. No. 09–152, 2011 WL 1897322, at *3 (D. Del. May 19, 2011). When expert testimony is not timely disclosed, the court has the authority to exclude it from evidence. *See United States v. 68.94 Acres of Land,* 918 F.2d 389, 396 (3d Cir. 1990).

In the Third Circuit, the *Pennypack* factors govern the determination of whether exclusion of evidence is warranted. Those factors are: (1) the prejudice or surprise to a party against whom the evidence is offered; (2) the ability of the injured party to cure the prejudice; (3) the likelihood of disruption of the trial schedule; (4) bad faith or willfulness involved in not complying with the disclosure rules; and (5) the importance of the evidence to the party offering it. *See Meyers v. Pennypack Woods Home Ownership Ass'n,* 559 F.2d 894, 904–05 (3d Cir. 1977); *see also Konstantopoulos v. Westvaco Corp.*, 112 F.3d 710, 719 (3d Cir. 1997). Those factors warrant exclusion of the invalidity theories that Defendants first disclosed in Dr. Escuti's report.

**B. Exclusion Is Warranted in this Case**

Applying the *Pennypack* factors in circumstances similar to those here, a court in this district found that untimely disclosure of invalidity theories in expert opinion was prejudicial to the plaintiff and excluded them. *See Vehicle IP, LLC v. Werner Enters., Inc.*, 2013 WL 4786119, at *3 (D. Del. Sept. 9, 2013). Courts in other jurisdictions have ruled similarly. For example, in a recent case in the Northern District of Illinois, the Court struck prior art combinations from an expert report that were not disclosed in the invalidity contentions. *See Pactiv Corp. v. Multisorb Techs., Inc.*, No. 10 C 461, 2013 WL 2384249, at *3-4 (N.D. Ill. May 29, 2013); *see also Server*

*Tech., Inc. v. American Power Conversion Corp.,* No. 3:06-cv-698, 2014 WL 1308617, at *5 (D. Nev. Mar. 31, 2014) (granting motion in limine excluding prior art grounds that were not in invalidity contentions); *HSM Portfolio LLC v. Elpida Memory Inc.*, No. 11-770-RGA, 2016 WL 552543, at *2 (D. Del. Feb. 11, 2016) (striking new infringement theory in expert report even though defendant filed a responsive rebuttal report, and even though there was bad faith or disruption of the trial).

Plaintiffs are highly prejudiced by Defendants' late disclosure of invalidity theories. Plaintiffs served their infringement contentions in 2014, and served highly detailed supplemental charts for in January 2016, months before Defendants took party depositions and closed fact discovery. In contrast, Plaintiffs were forced to develop rebuttals to the untimely invalidity theories in just 30 days, without the benefit of any fact discovery. As another district court found, "[b]ecause fact discovery had closed, and the deadline for rebuttal expert reports was only one month away when initial expert reports were exchanged, [defendant's] ability to do so was severely curtailed." *Tyco Healthcare Group LP v. Applied Med. Res. Corp*., No. 9:06-cv-151, 2009 WL 5842062, at *3-4 (E.D. Tex. Mar. 30, 2009) (excluding invalidity theories first disclose in expert reports); *see also Changzhou Kaidi Elec, Co., Ltd. v. Okin America, Inc*., 112 F. Supp. 3d 330, 338-339 (D. Md. 2015).

Defendants cannot excuse the disclosure of new combinations through broad omnibus language in their Invalidity Contentions, or by claiming that the prior art references were disclosed for other reasons. Plaintiffs cannot be expected to consider every possible combination of the disclosed references. The patents-in-suit contain dozens of limitations and many claims, and Defendants disclosed over 100 alleged references. Thus, "the many elements contained in each item of prior art may be mixed in literally thousands of alternative combinations. Permitting

parties to disclose only conclusory invalidity contentions would thus promote the proliferation of obviousness theories, rather than pinning the parties down to a discrete number of such theories, as the local rules seek to do." *Id.* at 334.

Furthermore, in this case, Defendants have aggressively sought to limit the scope of Plaintiffs' infringement case. First, even though LG refused to produce product samples or produce complete technical documents on all accused products, LG moved to exclude accused products for which LG did not produce adequate CAD files (but for which Plaintiffs nonetheless provided the best charts possible). On November 24, 2015, the Court struck 124 products for which LG never produced adequate information. *See* D.I. 258, Hr'g Tr. at 30:9-18; *see also* D.I. 226 at 3. Second, Plaintiffs filed a motion to amend the Complaint to add a claim of willful infringement within the deadline for amending the Complaint, but Defendants opposed and the Court denied Plaintiffs' motion. *See* D.I. 266. In view of those orders, Defendants' delay in adding invalidity theories should be similarly rejected.

Still further, Defendants cannot credibly claim that these late-disclosed theories are critical to their case. Dr. Esucti's invalidity opinions include at least 44 different grounds of invalidity for the two patents-in-suit, which are discussed over 459 pages of the report, as well as hundreds of additional pages that comprise the additional 44 claim charts attached to the report. This case is set for a five-day trial. *See* Scheduling Order, D.I. 19. It is impossible for Defendants to present all of those invalidity grounds to the jury within that time-frame. Moreover, striking these theories will not disrupt the trial date. There will be no need for additional discovery. Instead, striking the theories will just assist streamlining the trial.

## IV. CONCLUSION

Defendants' eleventh-hour inclusion of twelve combinations of alleged prior art is inexcusable and that the appropriate sanction is to strike those combinations from the case.

Given the volume of alleged invalidity grounds that would remain, Defendants cannot demonstrate prejudice, and striking the contentions would be consistent with the Court's orders that limited Plaintiffs' infringement case.

DATED: August 26, 2016

Respectfully submitted,

**FARNAN LLP**

*/s/ Brian E. Farnan*
Brian E. Farnan (#4089)
Michael J. Farnan (#5165)
919 North Market Street
12th Floor
Wilmington, DE 19801
(302) 777-0300
bfarnan@farnanlaw.com
mfarnan@farnanlaw.com

Jeffrey R. Bragalone (admitted *pro hac vice*)
Patrick J. Conroy (admitted *pro hac vice*)
Justin B. Kimble (admitted *pro hac vice*)
T. William Kennedy Jr. (admitted *pro hac vice*)
James R. Perkins (admitted *pro hac vice*)
Stephanie R. Wood (admitted *pro hac vice*)
**BRAGALONE CONROY P.C.**
Chase Tower
2200 Ross Ave., Suite 4500W
Dallas, Texas 75201
214-785-6670 Telephone
214-785-6680 Facsimile
jbragalone@bcpc-law.com
pconroy@bcpc-law.com
jkimble@bcpc-law.com
bkennedy@bcpc-law.com
jperkins@bcpc-law.com
swood@bcpc-law.com

*Attorneys for Plaintiffs*
**DELAWARE DISPLAY GROUP LLC AND INNOVATIVE DISPLAY TECHNOLOGIES LLC**