IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

DELAWARE DISPLAY GROUP LLC,  :
et al.,                       :
                              :
            Plaintiffs,        :
                              :
    v.                         :        Civil Action No. 13-2109-RGA
                              :
LG ELECTRONICS INC., et al.,   :
                              :
            Defendants.        :

## MEMORANDUM ORDER

"LG Display" has filed a motion to redact (D.I. 521) a transcript of a pretrial conference

hearing. It is unopposed. I consider the motion in light of a prior thoughtful decision of this

Court, to wit, *Mosaid Tech Inc. v. LSI Corp*, 878 F.Supp.2d 503 (D.Del. 2012) (Burke, M.J.).

The party seeking to seal has to establish good cause. Good cause requires a showing that

"disclosure will work a clearly defined and serious injury to [that party]. The injury must be

shown with specificity." *Id*. at 507 (alteration in the original; citations and internal quotation

marks omitted). Or, in other words, the party seeking to seal judicial records must demonstrate "a

compelling interest" in shielding those materials from public view. *Id.* at 508. Among other

things, I have considered the various factors, to the extent relevant, set forth in *Pansy v. Borough

of Stroudsburg*, 23 F.3d 772, 786 (3d Cir. 1994), Courts should consider:

> (1) whether disclosure will violate any privacy interests; (2) whether the information being
> sought is for a legitimate purpose; (3) whether disclosure will cause embarrassment to a
> party; (4) whether the information to be disclosed is important to public health and safety;
> (5) whether sharing the information among litigants will promote fairness and efficiency;
> (6) whether the party benefitting from the order is a public entity or official; and (7)

whether the case involves issues important to the public.

*Mosaid*, 878 F.Supp.2d at 508 n.2 (citing *Pansy*).

LG Display has submitted a limited declaration in support of its motion. (D.I. 521-3). It also refers to a declaration submitted a year ago in connection with a similar motion. (D.I. 521 at 3 (citing D.I. 226-3)).

Simply because the parties have designated the information as "restricted – attorneys' eyes only," or with some lesser designation under a protective order is almost irrelevant to the present issue, that is, whether the information should be redacted from a judicial transcript. There is not much public interest in the information that is exchanged in discovery. Once, however, it is disclosed in a judicial proceedings, it is in the public interest to be able to understand the proceedings before a judge, and redaction of the transcript hinders that public interest. Nevertheless, there are things that might be appropriately sealed in a public proceeding, such as the pricing terms in license agreements, some other non-public financial information, trade secrets, and other proprietary technology. Information in a transcript may hint at some of these things without actually threatening any "clearly defined and serious injury." Things that typically weigh against the necessity of sealing include that the information is old, or general, or already in the public record, and was relevant to the judicial proceeding. Further, if there is a need for redactions, the proposed redactions should be as narrow as possible.

I **DENY** the motion to redact (D.I. 521), with two exceptions. The transcript refers to license agreements, settlement agreements, and indemnification agreements, but with little specificity other than the identification of the parties to the agreements. The only two specific items, on which I will give LG Display the benefit of the doubt at this stage of the proceedings, are the two numbers referenced at 82:9 and 90:11. The two numbers may be redacted. I further

note that generally the other proposed redactions are significantly broader than would be necessary even were there some redaction-worthy disclosures in the transcript.

IT IS SO ORDERED this 22 day of December, 2016.

_____
United States District Judge